## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAYS INNS WORLDWIDE, INC., a Delaware Corporation, | : : : | |
| Plaintiff, | : : : | Honorable Madeline Cox Arleo Civil Action No. 11-3914 (SDW) |
| v. | : : | **REPORT AND RECOMMENDATION** |
| TAJGUL, LLC; MANDEEP SINGH; and NIRMAL SINGH, | : : : : | |
| Defendants. | : : | |

## BACKGROUND

On July 7, 2011, plaintiff, Days Inns Worldwide, Inc. ("plaintiff"), filed the Complaint. Thereafter, attorney Paula A. Garrick, Esq. entered an appearance on behalf of defendants Tajgul, LLC ("Tajgul"), Mandeep Singh ("Mandeep") and Nirmal Singh ("Nirmal").

On October 18, 2001, counsel for both plaintiff and defendants appeared for a Rule 16 conference and on October 24, 2012, a Pretrial Scheduling Order was entered.

On August 8, 2012, plaintiff moved for summary judgment against all three defendants as to the Second, Fourth and Sixth Counts of its Complaint. That motion is pending. On August 20, 2012, Ms. Garrick filed a motion to withdraw as counsel, advising that defendants had directed her to cease working on their case. By letter ordered entered September 20, 2012, this Court relieved attorney Garrick as counsel for defendants Tajgul, Mandeep and Nirmal. All parties were directed to appear before the Court for a status conference on October 23, 2012 at 12:30 p.m. The Order cautioned that failure to appear would result in sanctions. By letter dated October 17, 2012, Mandeep and Nirmal, individually and on behalf of Tajgul, advised the Court

that they could "no longer afford to defend this suit" and that they "do not object to the Court striking our personal answers" but simply ask that they not be sanctioned for failing to appear personally on October 23, 2012.  None of the defendants appeared for the October 23, 2012 hearing.

On October 25, 2012, this Court directed defendants to show cause why sanctions should not be imposed for failure to attend the status conference on October 23, 2012.  In response, defendants again wrote to the Court advising that "we understand the Court will strike our pleadings and enter judgements against us and we do not object."  However, they simply asked that the Court not require them to appear in the case and stated that "we no longer want to fight."

No one appeared on behalf of the defendants on the November 26, 2012 Order To Show Cause.

## DISCUSSION

The failure of defendants Tajgul, Mandeep and Nirmal to comply with the Orders of this Court requires this Court to determine the appropriate sanctions to impose.  In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. Poulis, 747 F.2d at 868.  The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868.  The Court is required to balance each factor in its analysis.  Id.

2

1.    The Extent of the Individual Defendants' Personal Responsibility

Following the Court's Order relieving Ms. Garrick as counsel for defendants, defendants did not appear before the Court on October 23, 2011 and November 26, 2011 as directed.  In fact, defendants advised that they "didn't object" to entry of default and striking their Answers; and that they no longer wished to defend this litigation.  This Court finds that defendants are personally responsible for their failures to comply with the orders of this Court.  Their multiple failures to appear and their two submissions, demonstrates a willful decision to not appear and defend this litigation.

Defendants made a purposeful decision to abandon their defenses and to refuse to appear for court ordered appearances.  Accordingly, this factor favors striking defendants' Answer with affirmative defenses and counterclaims, ordering default be entered against them, and allowing plaintiff to proceed to judgment by default as to defendants.

2.    Prejudice to Plaintiff

Based on defendants' decision to disregard court orders, and their failure to respond to summary judgment motions and defend this lawsuit; plaintiff is incapable of proceeding in its claims against these defendants.

The Third Circuit addressed Poulis' "prejudicial harm" standard in Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).  There, plaintiff failed to provide defendant with specific information and documentation concerning the damages calculation in a timely fashion. The court explained that "while prejudice for the purpose of Poulis analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."  Id.  Prejudice also includes "the

3

irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)(citations omitted).

Here, the prejudice is palpable.   The decision not to appear at court ordered conferences or oppose summary judgment in this matter weigh in favor of striking defendants' Answer and Counterclaims, ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default.

3.   History of Dilatoriness

Again, the individual defendants have made clear that they have "given up the fight" and no longer wish to defend the claims.  Corporation defendant Tagjul has failed to retain counsel, despite being advised to do so.

Poulis makes clear that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation.  If compliance is not feasible, a timely request for an extension should be made to the court.  A history...of ignoring these time limits is intolerable."  747 F.2d at 868.  Defendants have ignored court Orders and motions and have failed to appear at multiple court hearings.  Therefore, this factor weighs in favor of striking defendants' Answer and ordering that default be entered against defendants.

4.   The Individual Defendants' Conduct Has Been Willful

For the reasons set forth above, the individual defendants' letters to the Court makes clear that defendants' conduct was willful in nature.  Such conduct demonstrates willfulness. Accordingly, the absence of a reasonable excuse suggests willful conduct or bad faith.  See Ware,

4

322 F.3d at 224 (finding willfulness and bad faith where "[n]o excuse has been proffered for the excessive procrastination of Plaintiff's counsel"). This factor warrants striking defendants' Answer and Counterclaims and ordering that default be entered against them

5.    <u>Effectiveness of Alternative Sanctions</u>

As the record reflects, this Court has provided the individual defendants several opportunities to appear at court ordered conferences, and defend against this suit. Defendants have abandoned their defenses. To continue to allow defendants further opportunities to appear at court conferences would be fruitless.

The Court has the power to strike a pleading and/or render a judgment by default as a sanction against a party who fails to obey an order regarding discovery. <u>See</u> Fed. R. Civ. P. 37(b)(2). Defendants have made it clear that they will not defend against plaintiff's claims. Despite court orders, the non-compliance continued. The case cannot move forward. Plaintiff is prejudiced. The only appropriate sanction here is to strike defendants' Answer, ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default.

6.    <u>Meritoriousness of the Defense</u>

The Court has reviewed defendants' Answer to the complaint. However, given the bare-boned nature of the pleading, the Court cannot adequately evaluate the merits, if any, of their defense. Accordingly, as it is not necessary for the Court to reach this factor to recommend striking defendants' Answer ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default as to this Court declines to consider this factor in weighing the recommended sanctions.

## <u>CONCLUSION</u>

This Court's recommendation of striking the Answer and of Tajgul, Mandeep and Nirmal, ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default as to these individual defendants, is not made lightly.  However, this Court is convinced that it is left with no alternative.  Under the circumstances, no less onerous sanction would be appropriate.

For the reasons set forth above, I recommend that the District Court strike the Answer of <u>pro se</u> defendants Mandeep and Nirmal and corporate defendant Tajgul ordering that default be entered against them, and that plaintiff be allowed to proceed to judgment by default as to these defendants.[1]  The parties have fourteen (14) days from receipt hereof to file and serve objections.

Respectfully submitted,


*s/Madeline Cox Arleo*
MADELINE COX ARLEO
United States Magistrate Judge

Dated: December 20, 2012

Orig.:   Clerk of the Court
cc:      Hon. Susan D. Wigenton, U.S.D.J.
         All Parties by Regular and Certified Mail/R.R.R.
         File

---

[1] In addition, the corporate defendant, Tajgul, failed to retain counsel.  This is an additional reason to strike defendant Tajgul's Answer and affirmative defense and enter default against it.  <u>Simbraw v. United States</u>, 367 F. 2d 373, 374 (3d Cir. 1966).

7